Filed 11/26/24  P. v. Stowers CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082983 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF002957) |
| KYLE BRANDON STOWERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kyle Brandon Stowers pleaded no contest in Imperial County Superior Court to one count of possessing contraband (methamphetamine) in prison (Pen. Code,[1] § 4573.6, subd. (a)).  The court

---

[1]     Undesignated statutory references are to the Penal Code.

dismissed other counts and enhancement allegations,[2] warning Stowers that if he violated his terms of probation, he could be remanded back into custody and also sentenced up to the maximum penalty of four years in prison. In keeping with Stowers's plea agreement, the court sentenced him to a four-year upper term, suspended the sentence, and placed him on two years formal probation. Thereafter, the court revoked Stowers's probation. It imposed the previously-suspended four-year upper term sentence, awarded 481 total days of credit, and ordered Stowers to pay a parole revocation fine pursuant to section 1202.45, staying the order unless parole is revoked.

Stowers's appointed appellate counsel has filed a brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We invited Stowers to file a supplemental brief on his own behalf, but he did not do so. Our independent review confirms there are no arguable issues on appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, while Stowers was on probation for his Imperial County plea, Fresno Police Department detectives patrolling an area where there had been an earlier shooting encountered him in the backseat of a parked vehicle. Stowers appeared to be frantically pushing clothing around. After Stowers exited the vehicle at the detectives' request, one of the detectives found a loaded semi-automatic handgun in the backseat under the

---

[2] Those counts were for possession of contraband (marijuana) in prison (§ 4573.6, subd. (a); count 2) and bringing contraband (marijuana) into the prison (§ 4573, subd. (a); count 3). The complaint had alleged that Stowers had been previously convicted of three serious and/or violent felonies (§§ 667, subd. (d), 1170.12, subd. (b)), subjecting him to sentencing under section 667, subdivisions (b)-(j), and section 1170.12.

clothes. The detectives took Stowers into custody and booked him into county jail.

The Imperial County Probation Department petitioned to revoke Stowers's probation on grounds he had violated his conditions of supervision requiring him to report his arrest or contacts with police within 48 hours to his probation officer; obey all laws of the United States, state, county or municipality in which he was present; and avoid owning, possessing, or purchasing any firearm, ammunition or other dangerous weapon.

At the hearing on the petition, the People presented the testimony of Stowers's probation officer and proffered over defense counsel's hearsay and confrontation clause objections a certified copy of a police report detailing Stowers's Fresno arrest. The probation officer testified that Fresno authorities notified her of Stowers's November arrest, then at the end of December 2022, Stowers reported to her in Imperial County and informed her about it. Following her testimony, the parties indicated they had no further witnesses or evidence. The trial court took the matter under consideration and asked the parties to research the police report evidentiary issue.

At the next hearing, the court considered counsel's arguments and tentatively denied admission of the police report into evidence, in part finding it was not too difficult or expensive to present the Fresno detectives' testimony. It also tentatively ruled the evidence showed a clear violation of Stowers's condition that he report arrests within 48 hours, and that he had violated his probation.

At a continued hearing on the matter, the court observed that the California Supreme Court had just decided a case that significantly clarified the applicable law on the matter, confirming that the People had to show

3

good cause to admit the police report. It found the confrontation clause issue could be satisfied by the detectives' remote appearance. The prosecutor sought an opportunity to subpoena the officers; Stowers's counsel objected on grounds it would be unfair to do so after the court had closed the evidence, he had already objected on hearsay grounds, and the prosecutor had not made any effort to secure the witnesses. The court gave the People a week to arrange a remote appearance, observing when defense counsel renewed his objections that the People could dismiss and refile their petition, then proceed while Stowers remained in custody.

Thereafter, the court at another hearing heard evidence from Stowers's arresting detectives. It asked the prosecutor if he was moving to admit the police report. The prosecutor said he was, and defense counsel objected, arguing the report was both unnecessary and inadmissible hearsay. The court ruled that given the detectives' testimony about the report's accuracy, there was sufficient confrontation regarding its contents.[3] It confirmed its finding by a preponderance of the evidence that Stowers did not report his arrest within the required 48 hours, and additionally found Stowers violated the law by being an "ex-felon in possession"; he had possession of a loaded firearm in the vehicle and possessed ammunition. At an ensuing September 2023 sentencing hearing, the court imposed the four-year prison term, awarded 481 days of custody credit, and ordered Stowers to pay a section 1202.45 parole revocation fine, staying it unless his parole was revoked.

## DISCUSSION

As noted above, appellate counsel asks this court to review the record for error under *Wende, supra*, 25 Cal.3d 436. To assist the court in its review,

---

[3] The court did not expressly state it was admitting the police report into evidence, but that ruling may be implied from the court's remarks.

4

and in compliance with *Anders*, *supra*, 386 U.S. 738, counsel has identified four possible issues for this court to consider in evaluating the potential merits of this appeal. Counsel characterizes those issues as:

1. "Error arising from the court's belief that the revocation petition could be dismissed and refiled";

2. "Error arising from the court's continuance of the revocation proceedings to allow videoconference testimony by the Fresno police officers";

3. "Error arising from the warrantless search of the vehicle occupied by appellant by the Fresno police officers resulting in the discovery of the firearm and ammunition used as a basis to revoke probation"; and

4. "Error arising from the probation condition to report an arrest within 48 hours." (Bolding omitted.)

We have reviewed the entire record as required under *Wende, supra,* 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 and considered the potential issues raised by Stowers's appointed counsel. We conclude there is no error in the court's conduct of the probation revocation proceedings, nor was there error stemming from Stowers's probation condition and vehicle search. There are no other arguable issues that would result in a reversal or modification of the judgment. Competent counsel has represented Stowers on this appeal.

DISPOSITION

The judgment is affirmed.


                                                            O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.